IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| EVEREADY BATTERY CO., INC.,<br>a Missouri corporation, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. |
| | ) | |
| CB DISTRIBUTORS, INC.,<br>a Wisconsin corporation,<br>and<br>SJL DISTRIBUTING, L.L.C.,<br>a Missouri limited liability company,<br>and<br>R.L.L.M. HOLDING COMPANY, L.L.C.<br>(d/b/a Ellisville BP),<br>a Missouri limited liability company, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Eveready Battery Co., Inc. ("Eveready") states the following for its Complaint against

CB Distributors, Inc. ("CB"); SJL Distributing, L.L.C. ("SJL"); and R.L.L.M. Holding

Company, L.L.C. , doing business as Ellisville BP ("RLLM") (collectively "Defendants").

### JURISDICTION AND VENUE

1.     Eveready's claims arise from Defendants' unlawful distribution and sale of

counterfeit packaging using Eveready trademarks and logos (hereinafter "Counterfeit

Merchandise").[1] Eveready asserts claims for federal trademark counterfeiting and infringement,

unfair competition, false designation of origin, and false description under the Lanham Act, and a claim for tortious interference with contract.  Eveready seeks injunctive relief to prevent the sale, marketing, shipment, and/or further distribution of the Counterfeit Merchandise, an accounting of Defendants' profits, treble damages and/or statutory damages, as well as recovery of attorneys' fees and other relief available under the Lanham Act.

2.       Jurisdiction is proper in this Court pursuant to 15 U.S.C. § 1121 (Lanham Act); under 28 U.S.C. §§ 1331 (federal question); 1338 (patents, copyrights, trademarks, and unfair competition related thereto); and 28 U.S.C. § 1367 (supplemental).

3.       On information and belief, this Court has personal jurisdiction over Defendants because Defendants have made sales into Missouri and market, distribute, and offer for sale Counterfeit Merchandise in Missouri and in this judicial district, committed the tortious acts described herein in Missouri and in this judicial district, or otherwise established contacts with Missouri and this judicial district sufficient to make the exercise of personal jurisdiction proper. Defendants SJL and RLLM are located within this judicial district.

4.       Further, on information and belief, through its website, www.cbdistributorsinc.com, CB's products, including those at issue in this case, are regularly available to consumers in the Eastern District of Missouri.  In addition, CB has sold and distributed Counterfeit Merchandise in the Eastern District of Missouri.

5.       Venue is proper under 28 U.S.C. § 1391(b) because, on information and belief, a substantial part of the events giving rise to the claims occurred in this district.

---

[1] Eveready's claims are limited to the packaging and do not include the batteries themselves.  Upon information and belief, Energizer batteries have been re-packaged in counterfeit packaging.  On information and belief, a heat sealing process has been used to re-package the batteries.  This heat sealing process can damage the batteries, resulting in damage to Eveready's goodwill, or worse, resulting in a safety hazard to consumers.

**JURY TRIAL DEMANDED**

6.     Eveready hereby demands a jury on all triable issues.

**THE PARTIES**

7.     Eveready is an Missouri corporation with its principal place of business in St. Louis, Missouri.

8.     On information and belief, CB is a Wisconsin corporation with its principal place of business located at 2500 Kennedy Drive, Beloit, Wisconsin 53511.

9.     On information and belief, CB uses its website to sell, market, distribute, and/or offer for sale Counterfeit Merchandise.

10.     On information and belief, SJL is a Missouri limited liability company with its principal place of business at 954 Queensbridge, Manchester, Missouri 63021.

11.     On information and belief SJL sells, markets, distributes, and/or offers for sale Counterfeit Merchandise.

12.     On information and belief, RLLM is a Missouri limited liability company with an address of 18189 Bent Ridge Dr., Wildwood, Missouri 63038.

13.     On information and belief, RLLM is the sole owner of, and is doing business under the fictitious name, Ellisville BP ("Ellisville") having a principal place of business at 28 Clarkson Road, Ellisville, MO 63011.

14.     On information and belief, Ellisville sells, markets, distributes, and/or offers for sale Counterfeit Merchandise.

## FACTS COMMON TO ALL CLAIMS

**A.    Eveready's Trademarks**

15.    Eveready is one of the world's largest makers of batteries, including the widely

recognized Energizer line of batteries, such as those depicted below:



16.    Eveready owns numerous federal trademark registrations for the its famous marks

ENERGIZER and ENERGIZER & DESIGN including, among others, U.S. Trademark

Registration Numbers 1,502,902; 2,877,603; 2,957,362; 3,015,604; 3,017,894; 3,066,079; and

3,084,603.  These include registrations for the following:



17.    For ease of reference, Eveready's trademarks are referred to collectively herein as the

"Eveready Marks".

18.    Copies of the U.S. Trademark Registration Certificates for Eveready's above-listed

federal trademark registrations are attached hereto as Exhibits 1-7.

19.    The registration of the Eveready Marks constitutes prima facie evidence of their

validity and are conclusive evidence of Eveready's exclusive rights to use the Eveready Marks in

commerce in connection with the goods named therein, and commercially related goods. *See* 15

U.S.C. § 1057. The registration of the Eveready Marks also constitutes constructive notice of Eveready's ownership and exclusive rights in the Eveready Marks. *See* 15 U.S.C. § 1072.

20.    The Eveready Marks have been used in connection with batteries at least as early as 2001.

21.    As the owner of these and other valuable intellectual property rights, Eveready is the exclusive source of all authentic goods bearing the Eveready Marks.

22.    Eveready places great importance on the protection of the Eveready Marks to ensure that its customers can always rely on the high-level of quality merchandise produced under its trademarks.

23.    Eveready's products have enjoyed and continue to enjoy significant commercial success as well as widespread approval in the industry.

24.    Eveready's products bearing the Eveready Marks are sold throughout the United States and all over the world.

25.    In accordance with 15 U.S.C. § 1111, the Eveready Marks are, and have been, displayed on Eveready's products, or on the packaging, marketing, or advertising materials for such products, and are accompanied by the notation "®" to provide notice that the Eveready Marks are federally registered.

26.    Eveready has advertised and promoted products under its Eveready Marks throughout the United States by means of various media, including, but not limited to, television, the Internet, and printed publications. Just in the last five years, Eveready spent hundreds of millions of dollars on promotions and advertising and has sold hundreds of millions of batteries.

27.    As a consequence of Eveready's continuous use of the Eveready Marks throughout the United States and significant investment of time, money, and efforts to promote and ensure

the high quality of its products sold in connection with its Eveready Marks, the Eveready Marks have acquired value and are well-known to the consuming public or trade as identifying and distinguishing Eveready as the source of products bearing these marks.

28.     Eveready takes significant steps to protect its valuable intellectual property rights.

29.     Eveready monitors the marketplace for entities selling suspected counterfeit Eveready merchandise.

30.     Upon locating a suspected seller of counterfeit Eveready products, Eveready may purchase or inspect products from the seller.  These products are analyzed by Eveready to determine their authenticity.

**B. Defendants' Conduct**

31.     Upon information and belief, Defendants traffic Counterfeit Merchandise.

32.     CB offers for sale, sells, distributes, and facilitates the sale of Counterfeit Merchandise via its website, www.cbdistributorsinc.com.

33.     On information and belief, CB made substantial sales of Counterfeit Merchandise in the United States.   Local suppliers have independently informed Eveready that CB  is their supplier for Counterfeit Merchandise.

34.     On information and belief, SJL offers for sale, sells, distributes, and facilitates the sale of Counterfeit Merchandise to retail and/or convenient stores.

35.     On information and belief, Ellisville offers for sale, sells, distributes, and facilitates the sale of Counterfeit Merchandise.

36.     Eveready determined the Counterfeit Merchandise bearing the Eveready Marks to be counterfeit after an inspection of the Counterfeit Merchandise.

37.     Eveready did not manufacture, inspect, or package the Counterfeit Merchandise prior to the unauthorized sale and did not approve the Counterfeit Merchandise for sale or distribution in the United States or anywhere else.  Defendants are not authorized by Eveready to manufacture, advertise, distribute, export, import, ship, sell, offer to sell, or facilitate the sale of any products bearing Plaintiff's Eveready Marks that are not authentic products and packaging.

38.     On information and belief, Defendants, without authorization or license from Eveready, knowingly and willfully used or reproduced Eveready Marks in connection with its distributing, importing, shipping, advertising, offering for sale, selling, and facilitating the sale of Counterfeit Merchandise in commerce.

39.     Defendants' use of Plaintiff's Eveready Marks in connection with the advertising, marketing, distribution, import, export, shipping, offering for sale, sale, and facilitation of the sale of Counterfeit Merchandise caused, and in the future is likely to cause, confusion among potential customers who will be deceived into believing that Defendants' Counterfeit Merchandise is authentic, thus harming the consuming public or trade and irreparably harming Eveready's valuable reputation and goodwill.

40.     The aforesaid conduct is causing Eveready irreparable harm, for which there is no adequate remedy at law.

41.     As part of the investigation of this matter, a number of retailers agreed to quarantine Counterfeit Merchandise until this matter was resolved and the Counterfeit Merchandise could be returned to Eveready for disposal.

42.     On information and belief, SJL, knowing that the retailers agreed to quarantine the Counterfeit Merchandise, collected the quarantined Counterfeit Merchandise from at least one of its customers, thus causing its customer(s) to breach its agreement with Eveready.

**COUNT I**
**FEDERAL TRADEMARK COUNTERFEITING AND INFRINGEMENT**
**(15 U.S.C. §§ 1114, 1116) ASSERTED AGAINST ALL DEFENDANTS**

43.     Eveready repeats and realleges the foregoing paragraphs 1-42 as if fully set forth herein.

44.     The Eveready Marks are registered with the United States Patent and Trademark Office.

45.     Without Eveready's authorization or consent, Defendants shipped, offered for sale, sold, or facilitated the sale of Counterfeit Merchandise bearing marks that are reproductions, counterfeits, copies, or colorable imitations of Plaintiff's Eveready Marks to the consuming public or trade in direct competition with the sale of Eveready's authentic products and packaging, in or affecting interstate commerce, in violation of the Lanham Act, specifically 15 U.S.C. § 1114 and 1116.

46.     Defendant's use of reproductions, counterfeits, copies, or colorable imitations of Plaintiff's Eveready Marks is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendants' goods and cause the consuming public or trade to believe that Defendants' goods have been approved by Eveready or that Defendants are legitimately connected with Eveready or authorized by Eveready to use the Eveready Marks.

47.     Defendants' conduct is causing immediate and irreparable injury to Eveready, its goodwill and reputation, and will continue to damage Eveready and deceive the public unless temporarily, preliminarily, and permanently enjoined by this Court pursuant to 15 U.S.C. § 1116.

48.     In addition to injunctive relief, Eveready is entitled to recover actual damages, Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. § 1117 in an amount to

be determined at trial. Any such damages and awards should be trebled pursuant to 15 U.S.C.

§1117(b).

49.      Eveready reserves the right to seek statutory damages pursuant to 15 U.S.C. §

1117(c).

50.      Eveready is further entitled to an Order directing that all items in the possession,

custody, or control of Defendants bearing reproductions, counterfeits, copies, or colorable

imitations of Eveready's registered marks be delivered up to Eveready and destroyed pursuant to

15 U.S.C. § 1118.

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a)) ASSERTED AGAINST ALL DEFENDANTS

51.      Eveready repeats and realleges the foregoing paragraphs 1-50 as if fully set forth

herein.

52.      The Eveready Marks are a source identifier for genuine Eveready products.

53.      Defendants' unauthorized use of reproductions, counterfeits, copies, or colorable

imitations of the Eveready Marks is likely to cause confusion, to cause mistake, or to deceive the

consuming public or trade as to the origin, sponsorship, or approval of Defendants' products and

packaging.

54.      As a result of Defendants' unauthorized use of reproductions, counterfeits, copies, or

colorable imitations of the Eveready Marks in connection with Counterfeit Merchandise, the

consuming public or trade is likely to believe that Defendants' goods have been approved by

Eveready, and such use falsely represents Defendants as being legitimately affiliated, connected,

or associated with or authorized by Eveready and places Eveready's valuable and hard-earned

reputation and goodwill in the hands of the Defendants in violation of 15 U.S.C. § 1125(a).

55.     Defendants' conduct is causing immediate and irreparable injury to Eveready, its goodwill and reputation, and will continue to damage Eveready and deceive the public unless temporarily, preliminarily, and permanently enjoined by this Court.

56.     In addition to injunctive relief, Eveready is entitled to recover actual damages, Defendants' profits, costs, and reasonable attorneys' fees under 15 U.S.C. § 1117 in an amount to be determined at trial.

57.     Eveready is further entitled to an Order directing that all items in the possession, custody, or control of Defendants bearing reproductions, counterfeits, copies, or colorable imitations of the Eveready Marks be delivered up to Eveready and destroyed pursuant to 15 U.S.C. § 1118.

## COUNT III
## TORTOUS INTERFERENCE AGAINST SJL

58.     Eveready repeats and realleges the foregoing paragraphs 1-57 as if fully set forth herein.

59.     A contract existed between one or more of SJL's customers and Eveready whereby SJL's retail customers agreed to safeguard at its store all Counterfeit Merchandise.

60.     On information and belief, SJL knew of these contracts.

61.     On information and belief, SJL intentionally interfered with these contracts by inducing or causing a breach of the contract, including, on information and belief, removing Counterfeit Merchandise from its customer's stores.

62.     SJL had no justification for its actions.

63.     Eveready has been damaged by SJL's conduct.

WHEREFORE, Eveready requests the following relief:

A.  For judgment:

    a.  That Defendants engaged in trademark infringement in violation of 15 U.S.C. § 1114; used counterfeit marks in violation of 15 U.S.C. § 1116; and engaged in unfair competition, false designation of origin, and trademark infringement in violation of 15 U.S.C. § 1125(a);

    b.  Defendants have been unjustly enriched; and Defendants' acts of infringement, counterfeiting, dilution, unfair competition were willful;

    c.  SJL tortiously interfered with contracts between Eveready and SJL's retail customer(s);

B.  That a permanent injunction be issued enjoining Defendants, and their agents, affiliates, and all persons in concert or participations with any of them, and any entity owned or controlled by any of the Defendants, who receives actual notice of the order by personal service or otherwise, from:

    a.  using any of Plaintiff's Eveready Marks, including, but not limited those identified above, or any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiff's trademarks or trade names in connection with any goods or services or in connection with the importation, promotion, advertisement, sale, offering for sale, manufacture, production, dissemination, or distribution of products; processing, packaging, importing, or transporting any product that is not a genuine product and packaging of Plaintiff bearing any of Plaintiff's trademarks or trade names or

any mark that is a simulation, reproduction, copy, colorable imitation, or

confusingly similar variation of any of Plaintiff's trademarks or trade names;

b.   using any false designation of origin or false description (including, without

limitation, any letters or symbols), or performing any act which can, or is

likely to, lead members of the consuming public or trade to believe that

Defendants are associated with Plaintiff or that any product and packaging

imported, manufactured, distributed, or sold by the Defendants is in any

manner associated or connected with Plaintiff, or is authorized, licensed,

sponsored, or otherwise approved by Plaintiff;

c.   assisting, aiding, or abetting any other person or business entity in engaging in

or performing any of the activities referred to in subparagraphs (a) through (b)

above or taking any action that contributes to any of the activities referred to

in subparagraphs above, or any other activity that consists of or contributes to

the sale of counterfeit or infringing Eveready products and packaging bearing

any of Plaintiff's trademarks or trade names, including but not limited to, the

Eveready Marks.

C.   That Defendants, at their own expense, recall any and all products and packaging in

its possession, custody, or control that bear any simulation, reproduction, copy,

colorable imitation, or confusingly similar variation of any of Plaintiff's trademarks

or trade names from any distributors, retailers, vendors, or others to whom the

Defendants have distributed or sold such products, and that such recall notices and

other actions be taken within five (5) days after service of judgment with notice of

entry thereof.

D. That Defendants deliver up to Plaintiff's attorney for destruction, within five (5) days after service of judgment with notice of entry thereof, all goods, labels, tags, signs, stationery, prints, packages, promotional and marketing materials, advertisements and other materials (a) currently in its possession or under their control or (b) recalled by Defendants pursuant to any order of the Court or otherwise, incorporating any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiff's trademarks or trade names, and all plates, molds, matrices, and other means of making the same, and that Plaintiff be permitted to destroy all such goods without compensation to Defendants.

E. That Defendants preserve all records (including electronically stored information) and other documents concerning all transactions relating to their acquisition, import, purchase, or sale of any goods bearing or including any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiff's trademarks or trade names, and that all such materials be made available to Plaintiff for review, inspection, and copying on Plaintiff's request.

F. That Defendants provide Plaintiff with the names, addresses, and all other contact information in its possession (e.g., telephone numbers, fax numbers) for the source of all products and packaging that bear or include any simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiff's trademarks or trade names, including all manufacturers, distributors, or suppliers.

G. That Defendants provide Plaintiff with the names, addresses, and all other contact information in its possession (e.g., telephone numbers, fax numbers) for the customers who purchased all products and packaging that bear or include any

simulation, reproduction, copy, colorable imitation, or confusingly similar variation of any of Plaintiff's trademarks or trade names, including all manufacturers, distributors, or suppliers.

H.  That Defendants shall file with the Court and serve upon Plaintiff's counsel within thirty (30) days after service of judgment with notice of entry thereof upon it a report in writing under oath, setting forth in detail the manner and form in which they have complied with the all of the above.

I.  That Defendants shall account for and pay over to Plaintiff three times the profits realized by Defendants from its infringement of Plaintiff's trademarks and trade names and from its unfair competition with Plaintiff.

J.  That Plaintiff be awarded its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) & (b), or, if Plaintiff elects, statutory damages as the Court considers just, up $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c), arising out of Defendants' acts of willful trademark infringement and counterfeiting.

K.  That Plaintiff be awarded damages, including punitive damages, for SJL's tortious interference with contract(s) in an amount to be determined at trial.

L.  That Plaintiff be awarded interest, including pre-judgment interest, on the foregoing sums in accordance with 28 U.S.C. § 1961.

M.  That Plaintiff be awarded its costs in this civil action, including reasonable attorneys' fees and expenses, pursuant to 15 U.S.C. 1117(a) and other applicable laws.

N.  That Plaintiff be awarded such other and further relief as the Court may deem just and

proper.

Respectfully submitted,

THOMPSON COBURN LLP

By:/s/ Matthew A. Braunel
    Matthew A. Braunel, #109915
    Timothy D. Krieger, # 518583
    One US Bank Plaza
    St. Louis, MO  63101
    (314) 552-6000
    (314) 552-7000 (fax)

*Attorneys for Plaintiff*
*Eveready Battery Co., Inc.*